UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EDGAR FERNANDE RODRIGUEZ-
RAMOS et al.,

                    Plaintiffs,                         Case No. 1:20-cv-548

                                                        Honorable Janet T. Neff

v.

DONALD EMERSON et al.,

                    Defendants.

_____/

## OPINION

            This is a civil rights action brought by six federal prisoners under *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).  Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.  The Court must read Plaintiffs' *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  After careful review of Plaintiffs' allegations, the Court will dismiss Plaintiffs' complaint for failure to state a claim.

## Discussion

### I.        Factual allegations

            Plaintiffs Edgar Fernande Rodriguez-Ramos, Sergio Portocarrero-Reina, Yeison Renteria-Valencia, Oscar Omar Aguillon Primera, Eddy Leonel Chacon-Cruz, and Samuel

Enrique Perez-Charcas presently are incarcerated at the North Lake Correctional Institution in Baldwin, Michigan.  The events about which they complain occurred at that facility.  Plaintiffs sue Warden Donald Emerson and North Lake Health Service Nurse J. Stakenas.

Plaintiffs allege that Defendants failed to take important measures to control the spread of COVID-19 and protect inmates.  Defendants permitted staff to arrive at the prison without valid protective equipment, such as masks, and Defendants did not provide inmates with masks or sufficient soap.  Defendants also were not successful in maintaining social distancing between staff and prisoners.  Plaintiffs state that the prison is a tinderbox for COVID-19, placing Plaintiffs in danger of serious injury or death, particularly because they each have underlying health conditions.

Plaintiffs state that the failure to address the risk of COVID-19 at the prison violates their rights under the Eighth and Fourteenth Amendments.  Plaintiffs seek immediate release.

## II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

## III.    Cognizability of claim as a Bivens action

Plaintiffs filed this action as a *Bivens* claim.  In *Bivens*, 403 U.S. 388, the Supreme Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.  *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).  This implied cause of action is "the federal analog to suits brought against state officials" under 42 U.S.C. § 1983.  *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006).  To state a claim that is cognizable in a *Bivens* action, the plaintiff must plead two essential elements: first, that he has been deprived of rights secured by the Constitution or laws of the United States, and second, that the defendants acted under color of federal law.  *Bivens*, 403 U.S. at 397.  "A *Bivens* remedy is available only if (1) there are no 'alternative, existing process[es]' for protecting a constitutional interest and, (2) even in the absence of an alternative, there are no 'special factors counselling hesitation before authorizing a new kind of federal litigation.'"  *Left Fork*, 775 F.3d at 774 (quoting *Wilkie*, 551 U.S. at 550).  "When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies."  *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988)).  Thus, "[s]o long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclosed judicial

imposition of a new substantive liability." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001) (citation omitted).

Plaintiffs state that they are seeking immediate release from detention. Therefore, Plaintiffs' complaint clearly implicates the fact or duration of their confinement. Section 2241 authorizes district courts to issue a writ of habeas corpus to a state or federal prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Where, as here, a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Because there is an alternative existing process for protecting the right being asserted by Plaintiffs in this action, a *Bivens* remedy is unavailable to Plaintiffs. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1862-63 (2017). Moreover, the remedy of release is simply not available in a *Bivens* actions. *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020) ("We conclude that petitioners' claims are properly brought under § 2241 because they challenge the fact or extent of their confinement by seeking release from custody.").[1]

---

[1] *See also Terrell v. United States*, 564 F.3d 442 (6th Cir. 2009), stating:

> [T]he Supreme Court has made a number of decisions regarding the relationship between habeas and § 1983, starting in 1973 with *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and continuing with *Wolff v. McDonnell*, 418 U.S. 539 (1974), *Heck v. Humphrey*, 512 U.S. 477 (1994), *Edwards v. Balisok*, 520 U.S. 641 (1997), and *Wilkinson v. Dotson*, 544 U.S. 74 (2005), *aff'g,* 329 F.3d 463 (6th Cir. 2003) (en banc). The Court in *Preiser, Heck*, and *Balisok* held that a challenge, respectively, of a prisoner's underlying conviction or sentence, that necessarily demonstrated the invalidity of the confinement's legality, or that would result in the restoration of good-time credits which necessarily shortens the duration of confinement, can only be brought under habeas. *Dotson*, 544 U.S. at 78-81.

*Terrell*, 564 F.3d at 446.

4

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2), 1915A, the Court determines that Plaintiffs' complaint will be dismissed for failure to state a *Bivens* claim.  The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  Although the Court concludes that Plaintiffs' claims are properly dismissed, the Court does not conclude that any issue Plaintiffs might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court does not certify that an appeal would not be taken in good faith.  Should Plaintiffs appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiffs are barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g).  If they are barred, they will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   September 3, 2020                          /s/ Janet T. Neff
                                                    Janet T. Neff
                                                    United States District Judge